# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV298-C

| | |
|---|---|
| **NESSIEM KHOZAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **LSAA, INC., and SAM'S MART,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on both Defendants' "Motion to Dismiss for Failure to State a Claim" (document #6), Defendant Sam's Mart, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (document #8), and the Defendants' "Memorand[a] ... in Support ..." (documents ## 7 and 9), all filed September 27, 2006.

Although the record reflects that the pro se Plaintiff was served with a copy of both Motions and their accompanying briefs, he has not filed a brief in opposition or otherwise responded to the Defendants' Motions, and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, the undersigned will respectfully recommend that Defendant Sam's Mart, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction" be granted, and that the Defendants' joint "Motion to Dismiss for Failure to State a Claim" be granted in part and denied in part, as discussed below.

# I. FACTUAL AND PROCEDURAL HISTORY

This action seeks damages and equitable relief for alleged employment discrimination based on religion in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). The pro se Plaintiff, Nessiem Khozam, who is a Christian of Egyptian ethnicity, contends that on September 15, 2005, he was hired by Defendants "LSAA, Inc. and/or Sam's Mart, Inc.," as a "manager trainee" in a "Sam's Mart" convenience store located in Charlotte, North Carolina.

Accepting the allegations of the Complaint as true, "within days" of being hired, an unidentified member of the Defendants' management, who is Muslim, made two comments which the Plaintiff characterizes as "discriminatory": (1) the manager allegedly "expressed surprise when he observed [the Plaintiff] eating pork and commented that [Plaintiff] was not a Muslim," and (2) then "referr[ed] to himself as a good man because he was a believer in the Muslim faith and did not eat pork."

The Plaintiff also generally alleges that he was thereafter treated less favorably than his Muslim co-workers, that is, he was demoted, his pay was reduced, and, ultimately, he was terminated, all based upon his religion.

On July 24, 2006, the Plaintiff filed his pro se Complaint, which in light of the deference extended to the "inartful pleading" of pro se litigants, can be construed to contain a Title VII claim for hostile work environment and three Title VII disparate treatment claims (demotion, decreased pay, and termination).

On September 27, 2006, Defendant Sam's Mart, Inc. filed its Motion to Dismiss, along with the Affidavit of Adnan Jazairi, general manager of Defendant LSAA, Inc., who credibly avers that the Plaintiff was employed solely by Defendant LSAA, Inc., which does business as "Sam's Mart,"

and that Sam's Mart, Inc. is a related, but separate corporate entity that never employed 15 employees as required for Title VII jurisdictional purposes.

The same day, the Defendants filed a joint Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

As noted above, the Plaintiff has been served with but has not responded to the Defendants' Motions to Dismiss, which are ripe for disposition.

## II. <u>DISCUSSION</u>

### A. <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943, 952 (4th Cir.), <u>cert. denied</u>, 510 U.S. 828 (1993), <u>citing</u> 5A C. Wright & A. Miller, <u>Fed. Practice and Procedure</u> §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." <u>McNair v. Lend Lease Trucks, Inc.</u>, 95 F.3d 325, 328 (4th Cir. 1996)(en banc), <u>citing</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989); and <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969). <u>Accord</u> <u>Republican Party of NC</u>, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

3

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

As noted above, taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, he has attempted to plead claims for religion-based hostile work environment (two comments by a manager) and disparate treatment (demotions, pay decreases, and wrongful termination).

As the Defendants point out in their briefs, the Fourth Circuit Court of Appeals has held "that employees may utilize two theories in asserting religious discrimination claims. These theories are denominated as the 'disparate treatment' and 'failure to accommodate' theories." Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1017 (4th Cir. 1996), citing Mann v. Frank, 7 F.3d 1365, 1368-70 (8th Cir.1993). Accord Chaplin v. Du Pont Advance Fiber Systems, 293 F. Supp.2d 622, 628 (E.D. Va, 2003) (the Fourth Circuit "does not appear to recognize the 'hostile work environment' theory for religious discrimination cases"), citing Chalmers, 101 F.3d at 628.

Concerning the Plaintiff's disparate treatment claims, the Defendants essentially contend that the Plaintiff will not be able to marshal sufficient evidence to establish any religion-based demotion, pay decrease, or termination. Although discovery may prove the Defendants to be correct in that regard, at this early stage in the proceedings, where the Plaintiff has pled cognizable disparate treatment claims, the undersigned will respectfully recommend that the Defendants' Rule 12(b)(6) Motion to Dismiss be <u>denied</u> as to those claims.

Even assuming, however, that hostile work environment was a cognizable theory in a Title VII religion context, which it is not, the Plaintiff must allege conduct that was: "(i) unwelcome; (ii) based on his religious beliefs; (iii) <u>sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere</u>; and (iv) sufficient to give some basis for imposing liability on the employer." <u>Hartsell v. Duplex Prods., Inc.</u>, 123 F.3d 766, 772 (4th Cir. 1997) (setting forth the elements for hostile work environment in the context of a sex discrimination case) (emphasis added). Even taking the allegations of the Complaint entirely in the Plaintiff's favor, the two isolated remarks he complains of can hardly be construed as "severe," "pervasive" or "abusive."[1]

In short, because hostile work environment based upon religion is not a Title VII "cognizable claim" in the Fourth Circuit, even taking the allegations in the Complaint as entirely true, the undersigned must respectfully recommend that the Defendants' Motion to Dismiss the Plaintiff's purported hostile work environment claim be <u>granted</u>.

---

[1] While recognizing that unpublished opinions from other federal districts have no precedential value, the undersigned notes that the United States District Court for the District of Maryland has recently held that even "assuming hostile work environment [wa]s a cognizable theory" in a religion context, allegations that the Plaintiff was not permitted to carry his Bible with him during work hours and was subjected to comments of being a "bible thumper" and "religious freak" were insufficient to establish the requisite severe, pervasive and abusive environment. See <u>Boyle v. Harford County</u>, 2004 WL 3222888 at 3 (D. Md. 2004).

5

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

At the outset, the undersigned notes that the Plaintiff alleged in his Complaint only that he was employed by Defendant LSAA, Inc. "and/or" Defendant Sam's Mart, Inc., and that the Defendants have since established that LSAA, Inc. was, in fact, the actual employer.

Moreover, even assuming Sam's Mart had employed the Plaintiff, he has must establish the existence of the requisite jurisdictional basis under Title VII, that is, that Sam's Mart employed 15 or more employees during the relevant period. See 42 U.S.C. § 2000e(b) (in order for an employer to be subject to the provisions of Title VII, it must have had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

Assertions that a defendant did not have 15 employees go not to the merits of the plaintiff's Title VII claim, but are challenges to the Court's subject matter jurisdiction. See, e.g., Hukill v. Auto Care, Inc., 192 F.3d 437, 441-42 (4th Cir. 1999), citing, Woodard v. Virginia Bd. of Bar Examiners, 598 F.2d 1345, 1346 (4th Cir.1979) (affirming dismissal of Title VII claim for lack of subject matter jurisdiction because defendant was not an employer within the meaning of Title VII).

The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

As discussed above, Mr. Jazairi credibly avers, and the Plaintiff has not disputed, that Sam's Mart, Inc. never employed 15 employees during the relevant period. Accordingly, and where it also appears that Defendant LSAA, Inc. was the Plaintiff's employer, the undersigned will

6

respectfully recommend that Defendant Sam's Mart, Inc.'s Motion to Dismiss be granted in its entirety.

Finally, in light of his failure to respond to the Defendants' Motions, the Plaintiff is cautioned that he will be expected to carry out all duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, and all Orders of the Court. The Court reminds the Plaintiff that he must serve a copy of any motion, brief, or other pleading that he files in this matter by mailing a copy to defense counsel at the following address: Pamela S. Duffy, Wishart, Norris, Henninger, & Pittman, P.A., P.O. Box 1998, Burlington, North Carolina 27216-1998.

### III. **RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that

1. Defendant Sam's Mart, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (document #8) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to Defendant Sam's Mart, Inc.

2. Defendants' "Motion to Dismiss for Failure to State a Claim" (document #6) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE** as to the Plaintiff's Title VII hostile work environment, but **DENIED** as to his Title VII disparate treatment claims.

### IV. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the <u>pro se</u> Plaintiff; counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO RECOMMENDED AND ORDERED**.

Signed: October 18, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge